IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
THEMIS LODGING CORP., et al., : CASE NO. 1:10 CV 0003
 :
 Plaintiffs, :
 :
 -vs- : <u>MEMORANDUM OPINION AND</u>
 : <u>ORDER OF DISMISSAL</u>
 :
ERIE INSURANCE EXCHANGE, :
 :
 Defendant. :
------------------------------------------------------- 

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  Themis Lodging Corporation and Emeritus Corporation ( hereinafter collectively "Themis") brings this suit against Erie Insurance Company, Erie Insurance Exchange, and Erie Indemnity Company (hereinafter collectively "Erie") in its effort to recoup a property loss through its insurance carrier. (Doc. 1). Themis alleges breach of contract and bad faith tort. (Doc. 12). The suit appears before this Court on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(c)(1).

  Erie now challenges the propriety of this suit in federal court on grounds of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Docs. 10 & 17 renewal). Erie specifically maintains that as a reciprocal insurance exchange it exists as an unincorporated association for purposes of determining citizenship and, as such, is a citizen of the state where each subscriber or member is incorporated. That arrangement necessarily defeats diversity jurisdiction as both Themis and Erie would

then be citizens of Michigan.

In opposition to the motion to dismiss, Themis contends that Erie Insurance Exchange is not the proper party defendant and lacks standing to seek dismissal of the suit. Themis further urges the Court to retain jurisdiction by recognizing the Plaintiff as a "subscriber" of the exchange rather than as a "member" of the exchange, suggesting that the distinction is jurisdictionally meaningful. (Docs. 14 & 18 renewal).

Federal diversity jurisdiction requires that all parties to the action be "citizens of different states." 28 U.S.C. § 1332(a). Themis is a citizen of Michigan. Erie is a reciprocal or inter-insurance exchange incorporated in Pennsylvania, authorized to engage in insurance business in Michigan, with its principal place of business in Pennsylvania. "A reciprocal insurance exchange ... is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." Adolph Coors Co., et al v. Truck Insurance Exchange, No. 04-2150, 2005 U.S. Dist. Lexis 3588, *2, n .1 (D.D.C. February 28, 2005); see also Carden v. Aroma Assoc., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

Courts have long recognized that reciprocal exchange insurance associations, like Erie, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member. Brown v. Farmers Ins. Co., 2007 WL 496669 (E.D. Mich. 2007); Florida Hosp. Trust Fund v. Commissioner of Internal Revenue, 71 F.3d 808, 812 (11th Cir. 1996); Baer v. United Serv. Auto. Ass'n., 503 F.2d 393, 396 (2d Cir. 1974). As Erie Insurance Exchange has Michigan state members it is also a citizen of Michigan. Themis is also a citizen of Michigan. That alignment defeats federal diversity

and requires this Court to dismiss this matter for lack of subject-matter jurisdiction under Rule 12(b)(1).

The Court finds Themis' arguments in opposition unsustainable. First, the documents before the Court clearly indicate that Erie Insurance Exchange issued the policy upon which Themis now relies in this dispute. As such, Erie Insurance Exchange has standing to bring this dismissal. Second, Courts make no legally significant distinction between a "subscriber" or a "member" of the exchange. For the purpose of estimating this Court's subject-matter jurisdiction, whether Themis is a "subscriber," as denominated in the Erie policy, or a "member," bears no legally significant weight.

For the reasons discussed above, the Court grants Erie's motion to dismiss (Docs. 10 & 17) and dismisses, without prejudice, Themis' complaint for lack of subject-matter jurisdiction. Further, this dismissal renders moot Erie's motion for judgment on the pleadings. (Doc. 16).

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 16 July 2010